### STATE v. BERLIN.

1. An act of the legislature prohibiting the sale of spirituous or intoxicating liquors outside of incorporated cities, towns, and villages, while permitting such sale under license within cities, towns, and villages, does not violate article I., section 12, of the constitution of this state, nor the 14th amendment of the United States constitution.

2. Laws regulating the sale of liquors are police regulations, and the legislature may prescribe different regulations in different localities; but such laws must apply equally to all persons within the territorial limits affected.

Before WALLACE, J., Berkeley, June, 1883.

This was an indictment under the act of 1880, against Carl Berlin and G. Staevens for selling liquors without a license. The defendants pleaded in bar, that the act was void because contrary

to the constitution of this state (Art. I., § 12), and of the United States (14th Amendment). The State demurred to the plea, which was overruled. The case then went to the jury. The evidence showed that defendants were owners of a store upon Edisto Island, which is outside of any incorporated city, town, or village, and that a clerk in the employment of defendants sold to witness a drink of whiskey. The judge charged the jury that the act of 1880 was constitutional, and that if they believed from the evidence that the defendants authorized the sale, they should find against them. The jury found the defendants guilty. The defendants appealed upon two grounds, which were substantially as follows:

1. Because said act is contrary to the constitution of this state in that it prohibits the sale of liquors in the country, while it permits such sale in cities and towns; and said act is unequal and unjust, and is contrary to the common rights of citizens of the state, in that it confers a privilege upon one citizen which it denies to another.

2. Because said act is contrary to section 1 of article XIV., of the amendments to the constitution of the United States.

*Mr. B. J. Whaley* for appellants.

The question here made is not *res adjudicata*, because the grounds now taken were not raised in the cases heretofore decided, 16 *S. C.*, 482; 18 *Id.*, 103. The sale of liquors may be regulated and licenses required, 5 *How.*, 504; 2 *McMull.*, 233. But this law is objectionable because violating the constitutional provisions stated in the plea. *Cool. Con. Lim.* (4th edit.), 489–494, 732; 18 *Cent. Law J.*, No. 11; 2 *McMull.*, 236.

*Mr. Solicitor Jervey* contra, cited *Cool. Con. Lim.*, 182; 42 *Md.*, 71; 18 *S. C.*, 81; *Ibid*, 103; *Cool. Tax.*, 128; *Burr. Tax.*, 69, 147; 29 *La. Ann.*, 283; 30 *Id.*, 991; 22 *Minn.*, 312; 35 *Ark.*, 69; 2 *McMull.*, 233; 4 *Strob.*, 241.

June 23, 1884. The opinion of the court was delivered by

MR. JUSTICE McIVER. The sole question raised by this appeal is as to the constitutionality of the first section of the act of

1880 (17 *Stat.*, 459), incorporated in the general statutes as section 1731. Although the constitutionality of this law has been twice before affirmed by this court (*State* v. *Mancke*, 18 *S. C.*, 81, and *State* v. *Turner, Ibid*, 103), yet, as the counsel for the appellant seems to think that the attention of the court was not directed, in the argument of those cases, to the ground upon which they now assail the constitutionality of the act, we have not been unwilling to reconsider the question.

That ground is, that inasmuch as the first section of the act absolutely forbids the sale of spirituous liquors outside the limits of incorporated cities, towns, and villages, while in a subsequent section it provides for the granting of licenses to sell such liquors within the limits of incorporated cities, towns, and villages, it establishes a discrimination in favor of one class of persons as against another, and is therefore in conflict with the provisions of article I:, section 12, of the constitution of this state, as well as the provisions of the 14th amendment of the constitution of the United States. The provision of the 12th section of article I., which this law is supposed to violate is expressed in the following words: "No person shall be * * * subjected in law to any other restraints or disqualifications, in regard to any personal rights, than such as are laid upon others under like circumstances;" and the language of that portion of the 14th amendment, with which this law is supposed to conflict is as follows: "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States, and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

Appellants contend that their privileges and immunities, as citizens of the United States, are abridged by the law in question, which is therefore in violation of the constitution of the United States, and that the restraints and disqualifications imposed by the act upon their personal rights are in violation of the provisions of the constitution of the state. It will be observed that the act in question makes no discrimination whatever

in regard to *persons* or to classes of persons as such, but that it only discriminates as to *localities*, leaving the rights, privileges, and immunities of all persons in each locality precisely the same. It must also be remembered that laws regulating the sale of spirituous liquors are to be regarded as police regulations, over which the state has absolute control, limited only by some constitutional prohibition. The state, therefore, in the exercise of this police power, may pass laws absolutely prohibiting the sale of spirituous liquors, except unbroken packages while in the hands of the importer, and except, perhaps, where the rights of property, existing at the time of the passage of the law, might be destroyed, or it may throw around such traffic such restraints as in the judgment of the legislature may be most conducive to the peace and good order of society, by preventing the evils which might flow from an unrestrained traffic in such articles. *License Cases*, 5 *How.*, 504; *Bartemeyer* v. *Iowa*, 18 *Wall.*, 129; *Heisembrittle ads. City Council*, 2 *McMull.*, 233; *City Council* v. *Ahrens*, 4 *Strob.*, 241.

The practical question, therefore, presented in this case is, whether the legislature can, in the exercise of the police power, prescribe different regulations for the sale of spirituous liquors, in different localities within its borders. It is quite clear that regulations which might prove very effective in one locality, might be found very inefficient in another; and it would seem, therefore, that to render the exercise of this admitted power most effective, the regulations should be adapted to the wants and conditions of the different localities to which they are to be applied. It seems to us that the rule upon this subject has been well expressed by Judge Cooley in his work on *Constitutional Limitations* (2d edit.) at page 390: "Laws, public in their objects, may, unless express constitutional provision forbids, be either general or local in their application. * * * The authority that legislates for the state at large must determine whether particular rules shall extend to the whole state and all its citizens, or, on the other hand, to a subdivision of the state or a single class of its citizens only. The circumstances of a particular locality or the prevailing public sentiment in that section of the state, may require or make acceptable different police regulations from those

demanded in another. * * * The legislature may therefore prescribe different laws of police * * * in each distinct municipality, provided the state constitution does not forbid. · These discriminations are made constantly; and the fact that the laws are of local or special operation only is not supposed to render them obnoxious in principle. * * * If the laws be otherwise unobjectionable, all that can be required in these cases is, that they be general in their application to the class or locality to which they apply; and they are then public in character, and of their propriety and policy the legislature must judge." The whole matter is well summed up in a note on the same page, in the following words: "To make a statute a public law of general obligation, it is not necessary that it should·be equally applicable to all parts of the state; all that is required is, that it shall apply equally to all persons within the territorial limits described in the act." ·

The same principle has been recognized by the Supreme Court of the United States and applied to a case of a different character from that now under consideration, in *Missouri* v. *Lewis*, 101 *U. S.*, 22. It seems that by the laws of Missouri, an appeal lies to the Supreme Court of the state, from a final judgment of a Circuit Court in the state, except those held for the counties of St. Charles, Lincoln, Warren, and St. Louis, and the city of St. Louis, for which counties and city a separate court of appeals is established, called the "St. Louis Court of Appeals," and from its decisions, no appeal lies to the Supreme Court, except in certain specified cases, of which the case before the court was not one. It was contended that this provision of the Missouri law was in conflict with the 14th amendment of the United States constitution, because it denies to suitors in the courts of St. Louis and the counties named, the equal protection of the laws, in that it denies to them the right of appeal to the Supreme Court of the state in cases where it gives that right to suitors in the other one hundred and nine counties of the state. It was held that this provision of the Missouri law was not in conflict with the 14th amendment or any other provision of the constitution of the United States.

Mr. Justice Bradley, in delivering the opinion of the court

uses this language, which may well be applied to the case now under consideration: "Each state has the right to make political subdivisions of its territory for municipal purposes, and to regulate their local government. As respects the administration of justice, it may establish one system of courts for cities and another for rural districts, one system for one portion of its territory, and another system for another portion. Convenience, if not necessity, often requires this to be done, and it would seriously interfere with the power of a state to regulate its internal affairs to deny to it this right. * * * We might go still further and say, with undoubted truth, that there is nothing in the constitution to prevent any state from adopting any system of laws or judicature it sees fit for all, or any part, of its territory. * * * If every person residing or being in either portion of the state should be accorded the equal protection of the laws prevailing there, he could not justly complain of a violation of the clause referred to. For, as before said, it has respect to persons and classes of persons. It means that no person or class of persons shall be denied the same protection of the laws which is enjoyed by other persons, or other classes in the same place and under the like circumstances."

The same principle has been applied in the state of Alabama, in *Davis* v. *State* (68 *Ala.*, 58—44 *Am. Rep.*, 128), where it was held that a statute making it unlawful to transport or remove cotton in the seed, in certain counties, after sunset and before sunrise of the succeeding day, was not in conflict with any provision of the state or federal constitution.

If, as we have seen, the legislature has the power to prescribe different police regulations for different localities within the territory of the state, we do not see how the law in question can be said to violate section 12 of article I. of the constitution of this state. It does not subject any person to any restraint or disqualification in regard to any personal right, to which all persons in the same locality and under the like circumstances are not subjected, but all in that locality stand precisely upon the same footing, and no one has any right to complain of any infraction of his constitutional rights. To use the language of Judge Cooley quoted above, while it is true that the statute in question is not

"equally applicable to all parts of this state," it is equally true
that it does apply "equally to all persons within the territorial
limits described in the act."

The judgment of this court is that the judgment of the Circuit
be affirmed.