(64 App. Div. 483.)

### VENANZIO v. WEIR.

(Supreme Court, Appellate Division, Second Department. October 11, 1901.)

SECURITY FOR COSTS—CONSTITUTIONAL LAW—CLASS LEGISLATION.

    Code Civ. Proc. § 3268, declaring that a defendant may require security for costs to be given where plaintiff was either a nonresident, a foreign corporation, a person imprisoned under execution for a crime, the official assignee of certain persons, or an infant whose guardian ad litem has not given security when the action was commenced, is not class legislation, and unconstitutional, as violating Const. U. S. Amend. 14.

Appeal from special term, Kings county.

Action by Cocco Venanzio, by his guardian ad litem, Salvatore Venanzio, against Levi C. Weir, as president of the Adams Express Company. From an order denying a motion to set aside an order requiring security for costs, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, HIRSCHBERG, and SEWELL, JJ.

Achille J. Oishei, for appellant.
Arnold W. Sherman, for respondent.

JENKS, J.　The sole ground of the motion was that section 3268 of the Code of Civil Procedure violates the fourteenth amendment of the constitution of the United States of America.　This amendment merely requires that all persons subjected to legislation shall receive like treatment under like circumstances and conditions.　Class legislation, discriminating against some, and favoring others, is prohibited; but legislation which, carrying out a public purpose, is limited in its application, if within the sphere of its operation it affects alike all persons similarly situated, is not within the amendment.　Barbier v. Connolly, 113 U. S. 27, 32, 5 Sup. Ct. 357, 28 L. Ed. 923; Missouri v. Lewis, 101 U. S. 22, 25 L. Ed. 989; Hayes v. Missouri, 120 U. S. 68, 7 Sup. Ct. 350, 30 L. Ed. 578; Conley v. Institution, 11 R. I. 147.

The order should be affirmed, without costs.　All concur.