## FIRST AMERICAN SAVINGS & TRUST COMPANY OF HAWAII, LTD., *v.* A. J. CAMPBELL, TREASURER OF THE TERRITORY OF HAWAII.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED DECEMBER 7, 1908.     DECIDED DECEMBER 18, 1908.

HARTWELL, C.J., WILDER, J., AND CIRCUIT JUDGE ROBINSON IN PLACE OF BALLOU, J.

BANKS AND BANKING—*license fee.*

> Act 25, S. L. 1907, requiring a different fee for a banking license in Honolulu, Hilo and elsewhere in the Territory, is valid.

OPINION OF THE COURT BY WILDER, J.

This is an action to recover $765, the fee with stamps for a banking license in Honolulu, paid by plaintiff to defendant under protest pursuant to Act 25 of the Laws of 1907. The circuit judge, jury waived, found for the defendant. Plaintiff then brought the case to this court on exceptions.

Act 25 of the Laws of 1907, amending R. L. Sec. 1352, relating to fees for banking licenses, reads as follows:

"The annual fee for a banking license for a business in Honolulu shall be seven hundred and fifty dollars; in Hilo, five hun-

dred dollars, and in all other places, two hundred and fifty dollars."

Plaintiff claims that this statute is invalid because contrary to either or both the 5th and 14th amendments of the constitution, its brief being confined to the contention that it discriminates arbitrarily.

The legislature in a matter of this kind may classify or discriminate if the classification or discrimination is based on some reasonable ground, which is furnished by population in some cases. *Territory v. Pottie,* 19 Haw. 99, 104.

The question remains to be considered then whether the legislature may require different license fees from banks operating in Honolulu, Hilo and elsewhere in the Territory. The evidence shows that the population of Honolulu is almost 40,000, of Hilo almost 20,000, and of all other places in the Territory less than that of Hilo.

It was said in *Robertson v. Pratt,* 13 Haw. 590, 600, "Where natural distinctions require discrimination, not to discriminate works injustice." That proposition cannot be disputed.

In the case at bar there is a natural distinction between the different places in this Territory where banking may be carried on. This, of course, allows the legislature to reasonably and fairly classify the amount of the license fee required for banking. Even if the judgment exercised by the legislature in a matter of this kind is in our opinion unwise or perhaps oppressive, still that is not of itself sufficient to declare that a statute passed pursuant to such judgment violates the equal protection provisions of the constitution. *Heath & Milligan Co. v. Worst,* 207 U. S. 338. In order to hold that this statute is unconstitutional on the grounds claimed it must be clearly and actually arbitrary and unreasonable and not merely possibly so. *Bachtel v. Wilson,* 204 U. S. 36. The statute in question, however, does not appear in any way to be oppressive, arbitrary, unequal or ill advised. Our conclusion is that the statute is valid. The fol-

lowing cases are in point: *Ozan Lumber Co. v. Union County Bank,* 207 U. S. 251; *Magoun v. Illinois Trust & Savings Bank,* 170 U. S. 283; *Hayes v. Missouri,* 120 U. S. 68, and *Missouri v. Lewis,* 101 U. S. 22.

If, as contended by plaintiff, the statute were invalid, the question would remain whether plaintiff could recover in this action, for the reason that it would have to pay the same amount of license fee under the old law, which would then still be in force, as it is required to do under the new law. In view of the conclusion we have reached, however, we express no opinion on the point.

Exceptions overruled.

*Thompson & Clemons* for plaintiff.

*E. W. Sutton, Deputy Attorney General,* for defendant.