Nov. 4, }
  1919.  }

## ROCKINGHAM COUNTY LIGHT & POWER CO. v. FRED B. PHILBRICK & a.

Laws 1919, c. 162, providing that a public utility may acquire flowage rights upon paying the value thereof, is not in violation of the fourteenth amendment of the federal constitution, although the general flowage law provides for an addition of fifty per cent to the landowner's damages.

PETITION, to the public service commission by a public utility for permission to acquire certain lands, flowage rights, and easements in the towns of Durham and Lee, under Laws 1919, c. 162, s. 1.

The defendants moved that the petition be dismissed upon the ground that the statute above referred to is unconstitutional. Transferred by the public service commission.

*Shute & Shute* and *Hughes & Doe* (*Mr. Richard E. Shute* orally), for the petitioner.

*Scammon & Gardner* and *Dwight Hall* (*Mr. Frank A. Batchelder* orally), for the defendants.

PLUMMER, J.   The defendants contend that the statute in question is unconstitutional because it is repugnant to the latter part of section 1 of the fourteenth amendment to the constitution of the United States: "nor shall any state deprive any person of life, liberty, or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws." We are unable to perceive how this statute violates this provision of the fourteenth amendment. The rights of the landowners are fully and justly protected by the statute. Their land can only be taken by railroads and public utilities to meet necessary public demands. And if their land is taken, the law provides that they shall receive full and adequate compensation for all damages sustained by them. If they are dissatisfied with the award of the commission they can appeal to the superior court, and have their damages assessed by a jury.

Defendants assert that the statute is invalid because under it they receive only compensation for their damages, while landowners under the flowage act (P. S., c. 142) are given compensation and

fifty per cent additional. The fact that landowners under the flowage act are paid fifty per cent more than the damages they sustain, does not render an eminent domain law unconstitutional because it gives landowners full recompense for their damages without an additional fifty per cent. Such a law in respect to damages fully and adequately protects the owners' rights, and gives them all to which they are legally entitled.

The statute applies equally to every landowner in the state. All persons subjected to it are treated alike, and thus equal protection of the law is afforded to all, which meets the requirement demanded by the concluding clause of the fourteenth amendment. "A statute, to be objectionable as class legislation, must deny to some privileges which it permits others of the same class to enjoy." *State* v. *Aldrich*, 70 N. H. 391, 392; *State* v. *Griffin*, 69 N. H. 1; *Thompson* v. *Kidder*, 74 N. H. 89, 97; *Opinion of the Justices*, 76 N. H. 597, 599; *State* v. *Pennoyer*, 65 N. H. 113, 116; *Missouri* v. *Lewis*, 101 U. S. 22; *Barbier* v. *Connolly*, 113 U. S. 27; *Hayes* v. *Missouri*, 120 U. S. 68, 72; *Minneapolis & St. L. Ry. Co.* v. *Beckwith*, 129 U. S. 26, 29, 30. The statute under consideration is constitutional.

*Case discharged.*

All concurred.