Clark, J.
The question presented involves the power of the state to punish by imprisonment at hard labor except upon presentment and indictment by the grand jury. It is contended such procedure violates the Fifth Amendment of the Constitution of the United States.
It is settled that the Fifth Amendment does not control the criminal procedure of the several states. If any question ever existed on that point it was long since finally determined:
“The 5th amendment [of the Constitution of the United States] must be understood as restraining the power of the general government, not as applicable to the States. ’ ’ Barron v. The Mayor and City Council of Baltimore, 7 Peters, 243, 248.
“As respects the administration of justice, it [the state] may establish one system of courts for cities and another for rural districts, one system for one portion of its territory and another system for another portion. Convenience, if not necessity, often requires this to be done, and it would seriously interfere with the power of a State to regulate its internal affairs to deny to it this right. We think it is not denied or taken away by anything in the Consti *251 tution of the United States, including the amendments thereto.” Missouri v. Lewis, 101 U. S., 22, 30.
“The 5th and 6th Amendments to the Constitution of the United States (relating to criminal prosecutions), were not designed as limits upon the State governments in reference to their own citizens, but exclusively as restrictions upon Federal power; Barron v. The City of Baltimore (7 Peters, 243), Fox v. Ohio (5 Howard, 434), and other eases to the same point with them, being herein concurred in.” Twitchell v. The Commonwealth, 7 Wall., 321.
Emphasis is laid upon the case of The United States of America v. Moreland, decided by the supreme court of the United States on April 17,1922.
The Moreland case arose in the district court of the United States for the District of Columbia under the Federal Juvenile Act. Except that it was a prosecution in a federal court the Moreland case, including the sentence, is similar to the case at bar. We have heretofore indicated the broad and well-defined line that limits the application of the provisions of the Fifth Amendment. It is binding and compelling in the matter of the exercise of federal power. It is not a limitation of the power of the state governments over their own citizens.
This court has determined the question. In Prescott v. State, 19 Ohio St., 184, it was held:
“Art. 5 of the amendments of the Constitution of the United States does not operate as a limitation of the power of the State governments over their own citizens, but is exclusively a restriction upon Federal power.”
Judge White said at page 187 of the opinion:
*252 “The amendment to the Constitution of the United States referred to has no bearing on the case. That provision does not operate as a limitation of the power of the State governments over their own citizens, but is exclusively a restriction upon Federal power. This has been repeatedly decided by the supreme court of the United States, and in the late case of Twitchell v. The Commonwealth (7 Wallace [74 U. S.], 321), was not regarded as an open question.”
The Moreland case has no application to the criminal procedure of the state of Ohio. It is not authority, nor is it to be followed in respect thereto.
Numerous cases involving the constitutional and statutory construction of other states are presented for consideration. A reference to several of these cases will be sufficient.
In People v. Russell, 245 Ill., 268, it was held:
“Petit larceny is an infamous crime, which subjects the offender to a punishment other than by fine or imprisonment otherwise than in the penitentiary, and can be prosecuted only upon indictment by a grand jury.”
In People v. Russell the case turned upon the construction of Section 7, Division 2, Chapter 38, of the Revised Statutes of Illinois, which provides that “every person convicted of the crime of murder [here follows a long list of specific crimes, including larceny] shall be deemed infamous,” etc. The inquiry concerned a deprivation of substantial civil rights under Illinois laws.
On page 275 the court says:
*253 “Whether or not a crime is infamous in this State depends not upon the eommon law hut upon the statute.”
In Earley v. Winn, 129 Wis., 291, it was held:
“Imprisonment in the county jail is ‘an infamous punishment,’ ” etc.
This was a civil action to recover damages for slander. The question, so far as “infamous punishment” was concerned, involved the construction of the Wisconsin statute and the prior adjudications of the supreme court of Wisconsin thereupon. An examination of all the cited cases reveals that each involved a construction of state statutes.
It is urged that imprisonment “at hard labor” makes the crime “infamousthat the rule has been changed; that new tests of “infamous” have been laid down; that hard labor is an “infamous punishment,” and this court is asked to reverse not only its own line of consistent adjudication upon the proposition, but to disregard the adjudications of the supreme court of the United States.
The state of Ohio has created its system of criminal procedure, covering questions of crime and imprisonment, and has provided its own definitions and procedure.
It has divided offenses into classes of felonies and misdemeanors. It has not defined any offenses as “infamous.” Reasoning by analogy, felonies might be regarded as infamous crimes inasmuch as conviction of a felony involves the loss of civil rights. (Section 12390, General Code.) If the reasoning is sound, the offense for which Stockum was convicted is not infamous. Reasoning, however, is not necessary. In the legal sense, Ohio has no crimes, pun *254 ishment, definition or classification of crime except as provided by law.
Section 12372, General Code, provides: ‘ ‘ Offenses which may be punished by death, or by imprisonment in the penitentiary, are felonies; all other offenses are misdemeanors. ’ ’
Section 1654, General Code, under which Stockum was prosecuted, provides, in part: “Whoever abuses a child * * * shall be fined not less than ten dollars, nor more than one thousand dollars or imprisoned not less than ten days nor more than one year, or both.”
Section 4128, General Code: “When a person over sixteen years of age is convicted of an offense under the law of the state or an ordinance of a municipal corporation, and the tribunal before which the conviction is had is authorized by law to commit the offender to the county jail or corporation prison, the court, mayor, or justice of the peace, as the case may be, may sentence the offender to the workhouse, if there is such house in the county.”
Section 12386, General Code, provides in part: “When a person has been convicted of a misdemean- or, * * * by a court or magistrate in a county or municipality having no workhouse, and the commissioners of such county, * * * ¿ave made provisions as allowed by law for receiving persons so convicted into the workhouse of a city in any other county or district in the state, such court or magistrate, where imprisonment in the county or municipal jail may lawfully be imposed in punishment of such offense, may sentence such person to such workhouse for a period not exceeding the maximum period *255 of confinement in the county or municipal jail allowed by statute or ordinance for the offense.”
By the definition of Section 12372, General Code, the crime for which Stockum was convicted under Section 1654, General Code, was a misdemeanor. The sentence imposed was authorized by law and does not conflict with any provision of the Federal or State Constitution.

Judgment affirmed.

Marshall, C. J., Hough, Wanamaker, Robinson, Jones and Matthias, JJ., concur.