## WALBER v. WAYNE CIRCUIT JUDGE.

1. Constitutional Law—Appeal in Criminal Cases.
   Provision of the Constitution which guarantees appeal as matter of right extends to and includes conviction of violation of city ordinance prohibiting maintenance of public nuisance (Const 1963, art 6, § 20; Detroit Ordinances 39-1-40, 39-1-42).

2. Appeal and Error—Court of Appeals—Recorder's Court.
   The Court of Appeals has jurisdiction of appeals from all final judgments from the recorder's court (MCLA § 600.308).

3. Same—Court of Appeals—Recorder's Court.
   Appeal from ordinance violation in recorder's court may be properly taken only to Court of Appeals since there is no statute providing for such appeals to be taken to circuit court (MCLA § 600.308).

4. Constitutional Law—Equal Protection—Ordinance—Violations—Review.
   Fact that persons convicted of ordinance violations in Wayne county but outside of city of Detroit in justice or municipal court may appeal to circuit court whereas those convicted of such violations in recorder's court may appeal only to Court of Appeals does not work a violation of equal protection of laws guaranteed by Federal and State Constitutions (US Const, Am 14; Mich Const 1963, art 1, § 2).

Appeal from Court of Appeals, Division 1, Quinn, P. J., J. H. Gillis and Watts, JJ., denying writ of

---

References for Points in Headnotes

[1] 4 Am Jur 2d, Appeal and Error §§ 4, 7.
[2] 4 Am Jur 2d, Appeal and Error § 11.
[3] 4 Am Jur 2d, Appeal and Error §§ 4, 7, 11.
[4] 16 Am Jur 2d, Constitutional Law § 539.

mandamus. Submitted November 9, 1967. (Calendar No. 26, Docket No. 51,399.) Decided September 25, 1968.

2 Mich App 145, affirmed.

Original mandamus proceeding in the Court of Appeals by Pauline Walber to compel Edward S. Piggins, Wayne Circuit Judge, to grant a trial *de novo* in circuit court of her conviction, in Recorder's Court of Detroit, Traffic and Ordinance Division, for violation of an ordinance of the city of Detroit. Writ denied. Plaintiff appeals. Affirmed.

*Norman E. Conn* and *E. Donald Goodman,* for plaintiff.

*Robert Reese,* Corporation Counsel, and *Robert D. McClear,* Assistant Corporation Counsel, for defendant.

DETHMERS, C. J.    This is an appeal, on leave granted, from Court of Appeals' denial of mandamus to compel defendant circuit judge to grant plaintiff a trial *de novo* in circuit court on the charge of which she was convicted in the recorder's court of the city of Detroit, traffic and ordinance division, of violating a city of Detroit ordinance prohibiting maintenance of a public nuisance.*

After the recorder's court conviction plaintiff sought to appeal to the circuit court by tendering to the recorder's court clerk an appeal fee and attempting to file an appeal bond and claim of appeal. These were refused by the clerk.    Plaintiff petitioned for a writ of superintending control in the nature of mandamus in the Wayne county circuit

---

* See Detroit Ordinances 39-1-40, 39-1-42.—REPORTER.

court against the convicting recorder's court judge to compel him to accept the claim of appeal and certify the files and records to the circuit court for a trial *de novo.* Defendant circuit judge denied the writ. As above stated, on plaintiff's application to the Court of Appeals for mandamus to compel defendant circuit judge to grant plaintiff a trial *de novo* of her conviction, the Court of Appeals denied the writ.

The circuit court and Court of Appeals denied plaintiff the relief sought on the ground that the appeal was not properly brought in the circuit court for trial *de novo,* but could be taken only as a general appeal, on the record, in the Court of Appeals. We think those decisions correct.

Plaintiff claims that Michigan Const 1963, art 1, § 20, guaranteeing, in every criminal prosecution, an appeal as a matter of right, applies to this conviction of city ordinance violation. Defendant concedes it. Although opinions of this Court in previous appeals from ordinance violation convictions may be thought to differ as to whether or not such violations are crimes, we do not deem it necessary, as plaintiff urges, to enter into an extended discussion of the question here. We are satisfied that the article 1, § 20, guarantee of an appeal as of right extends to and includes a conviction of city ordinance violation as here involved.

What is the nature of such appeal as of right and to which court may or shall it be taken? Both parties cite *City of Detroit* v. *Wayne Circuit Judge* (1925), 233 Mich 356. There it was held that:

"The legislature has the constitutional right to create any court and to vest it with whatever jurisdiction it pleases, provided only that it shall be inferior to the Supreme Court."

Further, the following:

"In creating the recorder's court for the city of Detroit * * * in cases involving the violation of city ordinances it has not been given jurisdiction of equal character to that of the circuit court, and is therefore an inferior court, whose proceedings the circuit court may review by the writ of certiorari."

Implementing Michigan Const 1963, art 6, § 8, providing for a Court of Appeals, and section 10, providing that its jurisdiction shall be provided by law, PA 1961, No 236, § 308, as added by PA 1964, No 281, § 308 (MCLA § 600.308, Stat Ann 1968 Cum Supp § 27A.308), provides that the Court of Appeals has jurisdiction over appeals from "All final judgments from the recorder's court."

There is no statute which provides that appeals from recorder's court traffic and ordinance division convictions for ordinance violations shall be (1) to circuit court or (2) conducted as a trial *de novo*. Having held in *City of Detroit* v. *Wayne Circuit Judge, supra,* that the legislature may create a court and fix its jurisdiction and the legislature having done so in terms above quoted, it follows that the appeal is properly to the Court of Appeals. In that same case, while holding that the appeals from recorder's court convictions for ordinance violations should be to circuit court, as was the case before creation of the Court of Appeals, it was also held that that review should be by certiorari. No comfort is to be found in that case for plaintiff's contention for right to a trial *de novo*.

Plaintiff argues, however, that by the Constitution of 1963 the writ of certiorari is abolished and replaced by discretionary writ of superintending control; that because the new Constitution grants appeal as of right and the mentioned writ is dis-

cretionary with the court, therefore, the constitutionally intended appeal as of right could not have been of the character of that discretionary writ but is absolute and, therefore, the constitutional language must be read to mean that the appeal of right is a right of trial *de novo* in circuit court. With that we do not agree.

The appeal to the Court of Appeals, granted by statute, is, as that court held in this case, an appeal as of right and thus meets all the requirements of the Constitution in that respect. The provisions of GCR 1963, 701.10, that review in circuit court shall, unless otherwise provided by law, be by trial *de novo*, is of no avail to plaintiff here inasmuch as it is, as previously noted, otherwise provided by law.

Plaintiff points to the fact that persons convicted of ordinance violations in Wayne county but outside of the city of Detroit, in a justice of the peace or municipal court, may take an appeal to circuit court for a hearing *de novo*. If that is denied to persons violating an ordinance in the city of Detroit and convicted thereof in that city's recorder's court, then such persons, says plaintiff, are denied the equal protection of the laws guaranteed by Michigan Constitution of 1963, art 1, § 2, and Federal Constitution, Am 14, § 1. We consider as authority to the contrary *Sullivan* v. *Haug* (1890), 82 Mich 548; *Missouri* v. *Lewis* (1879), 101 US 22 (25 L Ed 989); and *Bailey* v. *United States* (1938), 69 US App DC 25 (98 F2d 306). While the Michigan Constitution in effect when *Sullivan* was decided (1890) did not contain an equal protection of the laws clause as does the Michigan Constitution of 1963, the 14th Amendment to the Federal Constitution was then in effect and it was its equal protection clause that this Court there considered. Plaintiff

says that the *Lewis* and *Bailey Cases* are not in point because both are civil, not criminal, cases. As for the *Bailey Case,* plaintiff is wrong. It was a criminal case. If *Lewis* be considered civil, let it be said we know of no reason for applying a different rule, in this connection, to criminal than to civil cases. Nor is there any reason why the mentioned holdings with respect to the equal protection clause of the 14th Amendment are not equally applicable to that clause in the Michigan Constitution of 1963.

Court of Appeals affirmed.

KELLY, O'HARA, ADAMS, and T. E. BRENNAN, JJ., concurred with DETHMERS, C. J.

BLACK and T. M. KAVANAGH, JJ., concurred in result.