REQUESTED BY: Senator Chris Beutler Nebraska State Legislature State Capitol Building Lincoln, Nebraska 68509
Dear Senator Beutler:
You have requested our opinion concerning whether the present provisions of LB 803, allowing a county jury commissioner the option of expanding the list of prospective jurors described by Neb.Rev.Stat. § 25-1628 (Reissue 1979) to include `all licensed motor vehicle operators in the county', would deny a defendant equal protection of the law in violation of the Fourteenth Amendment. In our opinion the present language of LB 803 and the procedures it would establish, could be found to violate the concept of equal protection of the law, solely due to its present failure to articulate a reasonable basis for allowing the composition of prospective juror lists to differ solely based upon the discretion of the local jury commissioner.
In reaching this conclusion, we have employed the following analysis. First, neither the present system of creating prospective juror lists under § 25-1628 nor that system proposed by Section 2 of LB 803, appear constitutionally infirm. Thus, regardless which of these two prospective juror selection systems were employed, the criminal defendant would be afforded a constitutionally satisfactory pool of jurors from which a jury could be chosen. The fact that the system proposed by Section 2 of LB 803 might be deemed to provide a prospective juror list `more representative of the community' does not, in our opinion, in any respect diminish the fact that the prospective juror lists presently created are adequately representative. The question then resolves itself to a matter of whether the Legislature may create a system which would allow two distinct and constitutionally adequate systems for creating prospective juror lists to exist within the state on a county-by-county basis without violating the Fourteenth Amendment guarantee of equal protection of the law.
It has long been recognized that state legislatures may provide for distinct legal systems within their boundaries without abridging concepts of equal protection of law.Missouri v. Lewis, 101 U.S. 22 (1879), Hayes v.Missouri, 120 U.S. 68 (1887), Fay v. New York, 332 U.S. 261
(1947), Salsbury v. Maryland, 346 U.S. 545 (1954),McGowan v. Maryland, 366 U.S. 420 (1961), North v.Russell, 427 U.S. 328 (1976). `Legislation is presumed to be reasonable. The courts will not set aside a statutory discrimination on the basis of equal protection of the laws if any state of facts may be conceived to justify it.'Salsbury v. Maryland, supra. (Emphasis added.) `This court has never questioned the State's power to draw reasonable
distinctions between political subdivisions within its borders.' San Antonio Independent School District v.Rodriguez, 411 U.S. 1, 28 fn. 66 (1973). (Emphasis added.)
Distinctions in criminal procedures based upon geographical, political or demographic factors within a state have been upheld. E.g., McGowan v. Maryland, supra, (exemption from Sunday closing statutes for businesses in a recreational area); Missouri v. Lewis, supra, (denial of appeal to state supreme court from certain populous counties where intermediate appellate court established); Tarter v.James, 667 F.2d 964 (11th Cir. 1982) (reduction of criminal defendant's preemptory challenges in populous county). InTarter v. James, Id. at 969, the court stated:
 The court concludes that the Alabama . . . statute impermissibly infringes on the plaintiff's constitutional rights only if the population classification lacks any rational basis. citations omitted In applying the rational relation test, the state statute must be upheld `unless the population classification is purely arbitrary, oppressive or capricious.' Packard v. Banton, 264 U.S. 140 (1924).
In the case of LB 803, we perceive no statement of record indicating why prospective juror lists may be created by distinct processes simply at the discretion of the various county jury commissioners. As these two systems may have some arguable impact upon the types of juries which are drawn from the distinct juror lists, we believe that some reasonable basis for the difference in treatment should be articulated by the Legislature or a uniform system of creating prospective juror lists adopted to avoid the possibility of a court finding that the present LB 803 system denies a criminal defendant in this state equal protection of the law.
PAUL L. DOUGLAS Attorney General J. Kirk Brown Assistant Attorney General