## HAYES *v.* MISSOURI.

### ERROR TO THE SUPREME COURT OF MISSOURI.

Submitted January 3, 1887. — Decided January 17, 1887.

A statute of a state which provides that in capital cases, in cities having a population of over 100,000 inhabitants, the state shall be allowed fifteen peremptory challenges to jurors, while elsewhere in the state it is allowed in such cases only eight peremptory challenges, does not deny the equal protection of the laws to a person accused and tried for murder in a city containing over 100,000 inhabitants; and there was no error in refusing to limit the state's peremptory challenges to eight.

THE case which makes the Federal question is stated in the opinion of the court.

*Mr. Jeff. Chandler* for plaintiff in error.

*Mr. B. G. Boone,* Attorney General of Missouri, for defendant in error.

Mr. Justice Field delivered the opinion of the court.

The Revised Statutes of Missouri provide, that, in all capital cases, except in cities having a population of over 100,000 inhabitants, the state shall be allowed eight peremptory challenges to jurors, and, in such cities, shall be allowed fifteen. Rev. Stat. Missouri, 1879, §§ 1900, 1902.

The plaintiff in error, John Hayes, was indicted in the criminal court of St. Louis, a city of over 100,000 inhabitants, by its grand jury, for the crime of murder in shooting and killing one Mueller, in that city, on the 26th of August, 1881; and was tried in April, 1882, and convicted of murder in the first degree. A new trial having been obtained from the Supreme Court of the state, he was again tried in January, 1885, and convicted, as on the first trial, of murder in the first degree. Judgment of death followed. On appeal to the Supreme Court of the state, the judgment was affirmed, and the case is brought before us on error, upon the single ground that — by the law of Missouri providing that, in capital cases, in cities having a population of over 100,000 inhabitants, the state shall be allowed fifteen peremptory challenges to jurors, whilst elsewhere in Missouri the state is allowed in such cases only eight peremptory challenges — the accused is denied the equal protection of the laws enjoined by the Fourteenth Amendment of the Constitution of the United States. When the jurors were summoned for the trial, and before any peremptory challenges were made by the state, the accused moved the court to limit the state's peremptory challenges to eight, objecting to its being allowed more than that number. But the motion was overruled, and the accused excepted. And, on the trial, against his protest and objection, the state challenged, peremptorily, fifteen of the forty-seven qualified jurors.

The constitution of Missouri, and, indeed, every state of the Union, guarantees to all persons accused of a capital offence, or of a felony of lower grade, the right to a trial by an impartial jury, selected from the county or city where the offence is alleged to have been committed; and this implies

that the jurors shall be free from all bias for or against the accused. In providing such a body of jurors the state affords the surest means of protecting the accused against an unjust conviction, and at the same time of enforcing the laws against offenders meriting punishment. To secure such a body numerous legislative directions are necessary, prescribing the class from which the jurors are to be taken, whether from voters, tax-payers, and free-holders, or from the mass of the population indiscriminately; the number to be summoned from whom the trial jurors are to be selected; the manner in which their selection is to be made; the objections that may be offered to those returned, and how such objections shall be presented, considered, and disposed of; the oath to be administered to those selected; the custody in which they shall be kept during the progress of the trial; the form and presentation of their verdict; and many other particulars. All these, it may be said in general, are matters of legislative discretion. But to prescribe whatever will tend to secure the impartiality of jurors in criminal cases is not only within the competency of the legislature, but is among its highest duties. It is to be remembered that such impartiality requires not only freedom from any bias against the accused, but also from any prejudice against his prosecution. Between him and the state the scales are to be evenly held.

Experience has shown that one of the most effective means to free the jury-box from men unfit to be there is the exercise of the peremptory challenge. The public prosecutor may have the strongest reasons to distrust the character of a juror offered, from his habits and associations, and yet find it difficult to formulate and sustain a legal objection to him. In such cases, the peremptory challenge is a protection against his being accepted.

The number of such challenges must necessarily depend upon the discretion of the legislature, and may vary according to the condition of different communities, and the difficulties in them of securing intelligent and impartial jurors. The whole matter is under its control. *Stokes* v. *People*, 53 N. Y. 164; *Walter* v. *People*, 32 N. Y. 147, 159; *Commonwealth* v. *Dorsey*, 103 Mass. 412, 418.

Originally, by the common law, the Crown could challenge peremptorily without limitation as to number. By act of Parliament passed in the time of Edward the First, the right to challenge was restricted to challenges for cause. But, by a rule of court, the Crown was not obliged to show cause until the whole panel was called. Those not accepted on the call were directed to stand aside. If, when the panel was gone through, a full jury was obtained, it was taken for the trial. If, however, a full jury was not obtained, the Crown was required to show cause against the jurors who had been directed to stand aside; and, if no sufficient cause was shown, the jury was completed from them.

In this country the power of the legislature of a state to prescribe the number of peremptory challenges is limited only by the necessity of having an impartial jury. In our large cities there is such a mixed population, there is such a tendency of the criminal classes to resort to them, and such an unfortunate disposition on the part of business men to escape from jury duty, that it requires special care on the part of the government to secure there competent and impartial jurors. And to that end it may be a wise proceeding on the part of the legislature to enlarge the number of peremptory challenges in criminal cases tried in those cities. The accused cannot complain if he is still tried by an impartial jury. He can demand nothing more. *Northern Pacific Railroad* v. *Herbert*, 116 U. S. 642. The right to challenge is the right to reject, not to select a juror. If from those who remain, an impartial jury is obtained, the constitutional right of the accused is maintained. In this case it is not even suggested that the jury by which the accused was tried was not a competent and impartial one. He was allowed twenty peremptory challenges, and it does not appear that he exhausted them.

The Fourteenth Amendment to the Constitution of the United States does not prohibit legislation which is limited either in the objects to which it is directed, or by the territory within which it is to operate. It merely requires that all persons subjected to such legislation shall be treated alike, under like circumstances and conditions, both in the privileges con-

ferred and in the liabilities imposed. As we said in *Barbier* v. *Connolly*, speaking of the Fourteenth Amendment : " Class legislation, discriminating against some and favoring others, is prohibited; but legislation which, in carrying out a public purpose, is limited in its application, if within the sphere of its operation it affects alike all persons similarly situated, is not within the amendment." 113 U. S. 27, 32.

In *Missouri* v. *Lewis*, 101 U. S. 22, it was held, that the last clause of the amendment as to the equal protection of the laws, was not violated by any diversity in the jurisdiction of the several courts which the state might establish, as to subject-matter, amount, or finality of their decisions, if all persons within the territorial limits of their respective jurisdictions have an equal right in like cases, and under like circumstances, to resort to them for redress; that the state has the right to make political subdivisions of its territory for municipal purposes, and to regulate their local government; and that, as respects the administration of justice, it may establish one system of courts for cities and another for rural districts. And we may add, that the systems of procedure in them may be different without violating any provision of the Fourteenth Amendment.

Allowing the state fifteen peremptory challenges in capital cases, tried in cities containing a population of over 100,000 inhabitants, is simply providing against the difficulty of securing, in such cases, an impartial jury in cities of that size, which does not exist in other portions of the state. So far from defeating, it may furnish the necessary means of giving that equal protection of its laws to all persons, which that amendment declares shall not be denied to any one within its jurisdiction.

We see nothing in the legislation of Missouri which is repugnant to that amendment.

*The judgment of the Supreme Court of that state, therefore, is affirmed.*