CHARLES BIDDLE *vs.* THE STATE OF MARYLAND.

○     *Peremptory Challenge.*

The right of peremptory challenge is a right, not to *select*, but simply to *reject* jurors, without cause assigned.

Where the accused has exercised the right of peremptory challenge in respect to any member of the panel, and the juror, thus challenged, has retired from the box, the Court will not allow the challenge to be recalled or withdrawn.

APPEAL from the Circuit Court for Cecil County.

The case is stated in the opinion of the Court.

The cause was submitted on briefs to ALVEY, C. J., YELLOTT, STONE, MILLER, ROBINSON, IRVING, and BRYAN, J.

*W. T. Warburton*, and *Albert Constable*, for the appellant.

*Charles B. Roberts, Attorney-General*, for the appellee.

Biddle *vs.* State.

ALVEY, C. J., delivered the opinion of the Court.

The appellant in this case was indicted for an assault with intent to murder. At the trial, and while impanelling the jury, a juror by the name of Ferguson was called and sworn upon his *voir dire*, and having proved himself competent, he was accepted by the State, but was challenged peremptorily by the accused, and he thereupon retired from the box. Afterwards, and before the panel of twelve jurors had been obtained, but after eleven jurors had been sworn, and after the accused had peremptorily challenged the full number of twenty jurors, and the State two, a talesman was summoned, and his name made known to the accused. No cause was suggested as ground of challenge of the talesman, but the accused then proposed to withdraw his challenge of Ferguson, and to allow him to be sworn as the twelfth juror. But to this the State objected, and the Court sustained the objection, and refused to allow the challenge to be withdrawn; and thereupon the talesman was sworn as a juror, and the trial proceeded, and the accused was convicted. And the only question presented on this appeal is, whether the Court erred in refusing to allow the withdrawal of the challenge of the juror by the accused.

Such a practice as that here sought to be introduced, if it were sanctioned, could not fail to be productive of mischief. It would lead inevitably to experiments in the formation of juries in criminal cases. A party accused might exhaust his right of peremptory challenge, and take his chance of getting jurors more favorable to him from among talesmen to be returned; but if disappointed in that, and in order to exclude parties not liked, he would recall his previous challenges, and take jurors that had been before excluded. Such a result could well be accomplished; for if the right exists to recall or withdraw the challenge in respect to one juror, it must equally exist in respect to them all; and the accused would thus retain

the right of *seleetion* as between those previously challenged by him and those subsequently offered to be sworn. No such practice as that could ever be tolerated. The right of peremptory challenge is a right, not to *select*, but simply to *reject* jurors, without cause assigned. *Turpin vs. The State*, 55 *Md.*, 468; *United States vs. Marchant*, 12 *Wheat.*, 480; *Hayes vs. Missouri*, 120 *U. S.*, 71. And where the accused has exercised the right of peremptory challenge in respect to any member of the panel, and the juror, thus challenged, has retired from the box, the Court will not allow the challenge to be recalled or withdrawn. *Rex vs. Parry*, 7 *Carr. & P.*, 836; 3 *Whart. Crim. L.,* sec. 3061.

The case of *Pierson vs. The People*, 79 *N. Y.*, 424, referred to on the part of the appellant, has no application to this case. There, the prisoner was put upon trial for murder, and having challenged the array for alleged irregularities in drawing the jurors, it was held that he might withdraw the challenge, and thus waive the irregularity, and having done so, he could not, after conviction, avail himself of the irregularity made the ground of challenge, as error in the proceedings. We are not able to perceive anything in that case that has the least bearing upon the question here.

The Court below was clearly right in refusing to allow the challenge to be withdrawn, and its ruling must be affirmed.

*Ruling affirmed, and*
*cause remanded.*

(Decided 21st June, 1887.)