THE STATE *ex rel.* KANSAS CITY & SOUTHEASTERN RAILWAY COMPANY v. SLOVER, Judge.

In Banc, June 15, 1896.

1. **Constitution**: TRIAL BY JURY: STATUTE. The act of the legislature approved April 1, 1891 (Laws, p. 172), prescribing the manner of selecting jurors and their qualifications in counties containing more than fifty thousand and less than three hundred thousand inhabitants does not abridge or deny any essential feature of a jury trial as understood at common law and is, therefore, not repugnant to the constitution of the state providing that "the right of trial by jury as heretofore enjoyed shall remain inviolate." (Const., art. 2, sec. 28).

2. ————: ————: ————: SPECIAL JURORS. Said act was intended to govern, in the counties to which it applied, in the selection of special jurors. (*Barr v. City of Kansas*, 121 Mo. 22).

3. ————: ————: SPECIAL JURORS. A special *venire* is not a constitutional right, nor is it a matter of legal right in this state, except where made so by statute.

4. **Jurors**: LEGISLATURE. The legislature may prescribe the qualifications of jurors and the mode of their selection.

· *Prohibition.*

WRIT DENIED.

*Johnson & Lucas* for relator.

(1) The right of the relator to a special jury is unquestioned, the controversy being as to what is a special jury and how the same is to be selected. It will be observed that under the Act of 1891, page 172, the mode of selecting a special jury is the same as that of an ordinary one, namely, by drawing from the wheel. (2) That relator enjoyed the right of trial by special jury prior to this enactment is unquestioned, and whether the same be an absolute or discretionary one, to be granted or refused by the court, can not affect the determination of the question. *People v. Harding*, 53 Mich. 48; 51 Am. Rep. 101. (3) If absolute, it deprives relator of same. If discretionary, it takes away the discretion from the court, and this matter of grace on the part of the court is denied to the relator. (4) The act of 1891 as construed by the respondent, leaves no discretionary power in the court. He is compelled to sustain relator's motion for a special venire, and when sustained give to him the same character of a jury, selected in the same manner as a common jury. The case falls within the rule laid down in *State ex rel. v. Withrow*, 133 Mo. 500, and under this decision the rule in the case at bar should be made absolute.

*Trimble & Braley* for respondent.

The decision in *State, etc., R'y v. Withrow* is not applicable for a number of reasons: *First.* The acts of respondent were governed and controlled by statute, Act of April 1, 1891, section 7 of which shows it to have been intended to cover the selection of special juries. *Second.* The relator was not entitled to a special jury, selected as at common law, for the reason

that the statute abrogated the common law in that respect and prescribed the mode for selecting the special jury, the provisions of which statute were followed by respondent. *Third.* Section 28 of the bill of rights in the use of the language, "the right of trial by jury as heretofore enjoyed shall remain inviolate," certainly does not mean that the state may not prescribe any manner for selecting the jury it may see fit; the language used being referable alike to juries selected pursuant to statutes existing at the time of its adoption and to those selected as at common law. *Fourth.* The legislature had the same power to define the manner of selecting special juries, as it had to enact section 6089, Revised Statutes, 1889, providing therefor, this section conferring the right to such a jury, and the act of April 1, 1891, only supplying the manner of its selection, hence full force may be given to both statutes. *Fifth.* For the reasons stated in our fourth point, the case must be distinguished from the *Withrow* case, where a rule of court defined the manner of selecting a special jury in such a way as to destroy its character as such, while in this case the sovereign power in the state that conferred the right to such special jury has seen fit to define and limit its former act by designating the mode of its selection.

GANTT, J.—This is an original proceeding in this court to obtain a writ of prohibition against Judge Slover of the circuit court of Jackson county to prevent the drawing and impaneling of a petit jury to try the case of Milton Tootle and others against relator, now pending in his court. In a word, it is a direct attack upon the constitutionality of an act of the general assembly of date April 1, 1891 (Laws of Missouri, 1891, p. 172), providing for the manner of selecting petit jurors and prescribing their qualifications in

VOL. 134 mo—39

counties which contain more than fifty thousand inhabitants and less than three hundred thousand inhabitants.

Relator charges that said act is a denial of the right to a special jury as guaranteed to relator by the constitution and laws of this state. By article 2, section 28, of the constitution of Missouri, "the right of trial by jury, as heretofore enjoyed, shall remain inviolate." By the act of 1891, which relator assumes is in contravention of the constitutional guaranty just quoted, the county court is required to cause the county clerk to make, under its supervision, a complete list of all qualified jurors of the county. After the list is prepared, the county court shall cause each name to be written by the county clerk on a stiff card, all of the same size. These cards are then placed in a box or wheel provided under the direction of the court, which shall be kept securely locked and retained constantly under the control of the clerk. Whenever any circuit court or court having jurisdiction of felonies, desires a panel of jurors or any part of a panel the said court or judge in {vacation shall so order and designate the number of jurors so desired, thereupon the clerk so situated as to be unable to see the names on such card, in the presence of the judge, shall draw that number of cards from the wheel or box, and thereupon the county clerk shall make a list of said jurors so drawn and preserve the same in his office and deliver a certified copy thereof to the clerk of the court for which said jury was drawn, who shall issue a venire therefor to the sheriff or other proper officer of said court. By section 7 it is provided that the name of every juror drawn for a special venire shall be returned to the box or wheel unless the judge shall order to the contrary; and any name returned to the box or wheel is erased from the list of those who have served as jurors.

It is apparent, we think, that it was intended by section 7 that the act should govern in the selection of *special juries*, and it was so held by this court in *Barr v. Kansas City*, 121 Mo. 22.

The learned counsel for relator relies largely upon the recent decision of this court in *State ex rel. v. Withrow*, promulgated March 17, 1896 (133 Mo. 500), but that case does not apply for two reasons. *First*, section 2802, Revised Statutes, 1879, and section 6089, Revised Statutes, 1889, amendatory thereof, simply conferred upon all parties the right to a special jury upon certain conditions, without defining what constituted a special jury or the manner of selecting it, while the act of April 11, 1879, did provide specifically for selecting a common jury and did not so provide for a special jury, and it was held that as the legislature had adopted the common law term, "special jury" without defining it, resort must be had to the common law to ascertain its significance, and the difference in the mode of selecting it and the qualifications of special jurors, whereas by the act of April 1, 1891, under consideration, the legislature has designated exactly how a special venire is to be obtained in counties having more than fifty thousand and less than three hundred thousand inhabitants. *Second.* In *State ex rel. v. Withrow, supra*, the effect of a rule of court was before us for construction, whereas in this case a statute, enacted by the legislature itself, is the matter for consideration.

As already said, inasmuch as the learned judge of the circuit court conformed his practice to the statute, the only point for serious consideration is the constitutionality of the act itself. Has the legislature the power and right to define the qualifications of jurors whether on the regular panels or summoned for a special case? Has it the right to prescribe and regulate the mode of selecting and summoning jurors? By "the right of

trial by jury as heretofore enjoyed'' in our organic law is meant that the people of this commonwealth shall not be denied the essential features of the jury system as understood and practiced at the common law, chief among which have been esteemed the right to have a jury composed of twelve men; that they should be unanimous in their verdict; that they should be impartial; and that the case triable by a jury at common law should continue to be so tried in this state. With these great essentials preserved, the legislature is not deprived of the power to regulate the manner of the selection or the qualification of jurors.

In *Vaughn v. Scade*, 30 Mo. 600, Judge SCOTT says: "The term 'trial by jury' was well known and understood at the common law, and in that sense it was adopted in our bill of rights. Of course the nonessentials of that institution, such as concern the *qualification of jurors, the mode of summoning them*, and many other such matters, were left to the regulation of law. The constitution is preserved in retaining the substance of that form of trial as it was known and practiced among those from whom we have derived it."

Unquestionably under the guise of regulation, legislation which in effect would destroy the great feature of the common law jury would not be tolerated, but no reason can be given why the people in their sovereign capacity may not improve the method of selecting a jury by excluding from the list those unfit by crime or immorality, or by repealing the freehold qualification of the common law, or any property qualification. Nor can we perceive how the impartiality of the jury can be lessened by the fact that the duty of selection is no longer confided to one man, the sheriff or coroner, but a list of all qualified citizens is placed in a box or wheel, well mixed and the panel drawn therefrom by the clerk in the presence of the court or judge.

It would seem, on the contrary, to insure absolute impartiality. The system removes all opportunity of packing a jury in the interest of either party or of permitting those who solicit the duty from disgracing the system. In *Copp v. Henniker*, 55 N. H. 179, *loc. cit.* 198, it is said: "The exercise of the right may be regulated by legislation; without some legislative regulation of it, or provision for it, it can not be enjoyed at all. The constitution merely guarantees the right, and leaves to the legislature the duty of providing the means and methods by which it is to be enjoyed. The time and place of the trial, the qualifications of jurors, and *the manner in which twelve shall be selected for the trial of a case, including all the steps from the venire to the challenge,* are subjects of legislation, subject to the limitation that the substance of the jury trial of 1792 is preserved."

In *Hayes v. Missouri*, 120 U. S. 68, Mr. Justice FIELD in discussing sections 1900 and 1902, Revised Statutes, Missouri, 1879, allowing the state in a murder case fifteen peremptory challenges in St. Louis and only eight in the counties of the state, said: "The constitution of Missouri, and, indeed, every state of the Union, guarantees to all persons accused of a capital offense, or of a felony of lower grade, the right to a trial by an impartial jury, selected from the county or city where the offense is alleged to have been committed; and this implies that the jurors shall be free from all bias for or against the accused. * * * To secure such a body numerous legislative directions are necessary, prescribing the class from which the jurors are to be taken, whether from voters, taxpayers, and freeholders, or from the mass of the population indiscriminately; the number to be summoned from whom the trial jurors are to be selected; the manner in which their selection is to be made; the objections that may

be offered to those returned, and how such objections shall be presented, considered, and disposed of; the oath to be administered to those selected; the custody in which they shall be kept during the progress of the trial; the form and presentation of their verdict, and many other particulars. All these, it may be said in general, are matters of legislative discretion. But to prescribe whatever will tend to secure the impartiality of jurors in criminal cases is not only within the competency of the legislature, but is among its highest duties." See, also, *Com. v. Dorsey*, 103 Mass. 412; *State v. Wilson*, 48 N. H. 398.

Now, it is the historical jury of twelve that is guaranteed by the constitution and bill of rights, and we have seen that when the essentials are preserved all other matters looking to their selection are confided to the legislature.

The special jury was not a matter of right at common law but was within the discretion of the court, nor has it been in this state an absolute right save when prescribed by statute. If it is competent for the legislature to change the qualifications and prescribe new methods for selecting the constitutional jury, how can it be maintained it may not also determine in what cases a *special venire* may be had, *and how it should be selected*, and what obstacle is there to the abolition of the special jury system absolutely?

The historical twelve was an absolute legal right. It was this "right," which our constitution secures, but a special venire was not a legal right but rested in the discretion of the court and hence has not passed into a constitutional right, and in the absence of a limitation upon the people in their legislative capacity, they can abolish the right to a *special jury* altogether.

Whether we construe this act of April 1, 1891, as abolishing all distinction between common and special

juries, or as conferring upon a party the right to a jury different from the regular panel and special only in that sense, or as prescribing the qualifications and method of selecting a special jury when allowed by the court in its discretion, in neither case is it obnoxious to the charge of being unconstitutional. The right to an impartial jury does not vest in any suitor the right to select his own jury.

We discover nothing in the act that is calculated to abridge or deny any essential of a jury trial as understood at common law, and hold that its various provisions were clearly within the province and discretion of the legislature.

The writ of prohibition is denied. BRACE, C. J., MACFARLANE, BURGESS, and ROBINSON, JJ., concur; SHERWOOD, J., dissents; BARCLAY, J., concurs, referring to his dissenting opinion in the recent *Withrow* prohibition case from St. Louis.