SANDERS, Justice
(dissenting).
Prior to 1948, the Claiborne Parish Police Jury enacted ordinances prohibiting the sale of alcoholic beverages of an alcoholic content greater than one-half percent in designated wards. These ordinances were based upon elections as to the sale of alcoholic beverages, in which the will of the people was determined by popular vote.
In compliance with a uniform line of decisions, the majority correctly holds that these ordinances have not been repealed by subsequent state statutes. See State v. Bradford, 220 La. 176, 56 So.2d 145 (1951); State v. Wilson, 221 La. 990, 60 So.2d 897 (1952); State v. Dunning, 224 La. 204, 69 So.2d 16 (1953); 112 Grocery v. Cappel, 228 So.2d 157 (La.App. 3rd Cir. 1969), writs refused, 255 La. 246, 230 So.2d 94 (1970).
The majority then holds that these ordinances are unconstitutional, because they deprive the defendants of due process and equal protection. Although the opinion is not altogether clear, the holding seems to be based upon the notion that, because of a change in the attitudes of the people, the-ordinances prohibiting the sale of beverages of low-alcoholic content have become-an unreasonable restriction in the various parishes where they have been adopted.[1] The majority finds no supportable distinction between the subdivisions where these-ordinances apply and where they do not.. Hence, it concludes that the classification is unreasonable and denies equal protection of the law. I disagree.
A statute or ordinance is presumed to be constitutional. The burden of establishing unconstitutionality rests upon the party who attacks it. Thus, one who complains of the classification or territorial scope of a statute must establish that the classification or scope has no rational basis. To invalidate the statute, the record must show that no fair reason supports the legislative-judgment. State v. Rones, 223 La. 839, 67 So.2d 99; State v. Guidry, 247 La. 631, 173 So.2d 192; Morey v. Doud, 354 U.S. 457, 77 S.Ct. 1344, 1 L.Ed.2d 1485; Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, 31 S.Ct. 337, 55 L.Ed. 369; 16 Am.Jur.2d, Constitutional Law § 172, p. 390, § 174, pp-394-399.
In the present case, the record contains, no evidence at all concerning the relevant conditions and needs of the parish and wards where these ordinances apply. See *890 McGowan v. State of Maryland, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393. Without proof, this Court cannot assume the. absence of differences. Fort Smith L. & T. Co, v. Board of Imp. of Paving Dist., 274 U.S. 387, 47 S.Ct. 595, 71 L.Ed. 1112.
The rich diversities in the people and culture of Louisiana are matters of common knowledge. Many of these are deeply rooted in history. The expression of these differences in local ordinances does' not render the ordinances unreasonable or discriminatory.
In upholding a trespass statute applicable to only one parish in State v. Guidry, 247 La. 631, 173 So.2d 192 (1964), we set forth the constitutional doctrine that controls the present case:
“The equal protection clause' relates to equality between persons as such, rather than between areas. Clearly, the guaranty of equal protection is not a demand that all state laws operate from boundary to boundary. It compels no state to adopt an iron rule of territorial uniformity for legislation. In the enactment of laws, the Legislature may consider the ‘needs and desires’ of the various sections of the state without infringing equal protection.
“In State of Missouri (Bowman) v. Lewis, 101 U. S. 22, 25 L.Ed. 989, the Supreme Court of the United States stated:
“ ‘The 14th Amendment does not profess to secure to all persons in the United States the benefit of the same laws and the same remedies. Great diversities in these respects may exist in two States separated only by an imaginary line. * * * If diversities of laws and judicial proceedings may exist in the several States without violating the equality clause in the 14th Amendment, there is no solid reason why ■ there may not be such diversities in different parts of the same State. A uniformity which is not essential as regards different States cannot be essential as regards different parts of a State, provided that in each and all there is no infraction of the constitutional provision. Diversities which are allowable in different States are allowable in different parts of the same State.’ ”
“In Fort Smith L. & T. Co. v. Board of Imp. of Paving Dist., 274 U.S. 387, 47 S.Ct. 595, 71 L.Ed. 1112, the Supreme Court again stated:
“ ‘ * * * The Fourteenth Amendment does not prohibit legislation merely because it is special, or limited in its application to a particular geographical or political subdivision of the state.’ ”
“See also Ocampo v. United States, 234 U.S. 91, 34 S.Ct. 712, 58 L.Ed. 1231; Gardner v. People of The State of Michigan, 199 U.S. 325, 26 S.Ct. 106, 50 L. *892 Ed. 212; Hayes v. State of Missouri, 120 U.S. 68, 7 S.Ct. 350, 30 L.Ed. 578; State ex rel. Civello v. City of New Orleans, 154 La. 271, 97 So. 440, 33 A.L.R. 260; and 16 Am.Jur.2d, Constitutional Law, § 510, pp. 893-895.”
If these ordinances are obsolete, correction lies in legislation, not in judicial fiat ■overriding both the legislative body and the will of the people as expressed in a free election. In my opinion, the present decision invades the province of the legislative branch of government.
For the reasons assigned, I respectfully ■dissent.

. The opinion notes that former decisions must be considered “in light of the time and circumstances in which they were decided’-’ but that the instant case must be considered “under today’s Constitution and laws” and in the light of current conditions.