# Order

**Supreme Court**
**Lansing, Michigan**

September 23, 2005

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

125375

Rehearing No. 524

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellant,

v

MARLON BELL,
        Defendant-Appellee.

SC: 125375
COA: 233234
Wayne CC: 99-009228

_____/

On order of the Court, a motion for rehearing is considered and, in lieu of granting rehearing, the opinion of the Court is amended as follows:

The first sentence in Part I (slip opinion page 3) is amended to read: "On July 29, 1999, defendant was involved in the robbery and shooting deaths of Chanel Roberts and Amanda Hodges."

The second full sentence on slip opinion page 27 is amended to read: "Both the trial court and the prosecutor objected to defense counsel's use of peremptory challenges, claiming that he was using them to exclude Caucasian venire members."

In all other respects, the motion for rehearing is DENIED.

CAVANAGH, J., would grant rehearing.

KELLY, J., dissents and states as follows:

I would grant defendant's motion for rehearing.

While the majority is willing to concede that it made minor errors in its recitation of the facts, it ignores the issue underlying defendant's motion: whether the trial court erred by failing to follow the well-established procedures set forth in *Batson v Kentucky*, 476 US 79 (1986).

I continue to believe that the trial court misapplied *Batson*. Because *Batson* errors are structural in nature, they are not amenable to harmless error review and require automatic reversal. *Arizona v Fulminante*, 499 US 279, 309-310 (1991), see also *United States v McFerron*, 163 F3d 952, 955-956 (CA 6, 1998).

Regrettably, given that a structural error occurred in this case, defendant should have a new trial.



I, CORBIN R. DAVIS, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 23, 2005

_____
Clerk

d0919