NOT DESIGNATED FOR PUBLICATION

No. 112,126

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GEORGE D. CHILDERS, III,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed October 30, 2015. Affirmed.

*Peter Maharry* and *Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., GREEN and POWELL, JJ.

*Per Curiam*:  George D. Childers, III, appeals his sentence following his convictions of leaving the scene of an accident and interference with law enforcement. Childers claims the district court erred by classifying his prior driving-related convictions as person felonies for criminal history purposes. Specifically, Childers argues that the application of K.S.A. 2014 Supp. 21-6811(i) violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. For the reasons stated herein, we reject Childers' constitutional claim and affirm the district court's judgment.

1

The facts are straightforward and undisputed. In February 2014, pursuant to a plea agreement, Childers pled guilty to one count of leaving the scene of an accident that resulted in great bodily harm to a person and one count of felony interference with law enforcement. The plea agreement anticipated that Childers' criminal history score was B. The district court found Childers guilty of both charges and ordered a presentence investigation (PSI) report.

The district court held a sentencing hearing on April 2, 2014. The PSI report indicated a criminal history score of A, to which Childers objected. Specifically, he objected to four of his prior convictions: number 24, driving with a revoked license; number 26, driving while a habitual violator; number 27, no proof of insurance; and number 28, driving while a habitual violator. Childers did not dispute that the convictions occurred; instead, he challenged the application of HB 2044, now codified at K.S.A. 2014 Supp. 21-6811(i), which mandated that because he was convicted of leaving the scene of an accident that resulted in great bodily harm, his prior driving-related convictions were scored as person felonies for criminal history purposes. The district court continued sentencing so that Childers could file a written objection to the application of K.S.A. 2014 Supp. 21-6811(i). Childers did so, arguing that the statute violated the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

The district court reconvened the sentencing hearing on April 22, 2014. After hearing further argument from counsel, the district court rejected Childers' constitutional claim and overruled his objection to his criminal history score. Although the judge found that Childers' criminal history score was A, the judge imposed a sentence that could have been imposed whether Childers' criminal history score was A or B. The district court sentenced Childers to 19 months' imprisonment for leaving the scene of an accident and 9 months' imprisonment for interference with law enforcement. The district court ordered the sentences to run consecutively for a controlling term of 28 months in prison with 12 months' postrelease supervision. Childers timely appealed his sentence.

On appeal, Childers reasserts his argument that the use of K.S.A. 2014 Supp. 21-6811(i) to score his prior driving-related convictions as person felonies violated the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. He contends that individuals charged with leaving the scene of an accident are similarly situated to all other criminal defendants, yet the statute treats them dissimilarly with no rational basis for doing so. The State asserts that Childers' equal protection challenge fails for two reasons: (1) Childers was not treated differently than other, similarly situated individuals and (2) even if he was, the statute survives rational basis scrutiny.

"The Fourteenth Amendment's Equal Protection Clause provides that '[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws.'" *State v. Cheeks*, 298 Kan. 1, 3, 310 P.3d 346 (2013). Section 1 of the Kansas Constitution Bill of Rights provides virtually the same protection. See *Miller v. Johnson*, 295 Kan. 636, 665-66, 289 P.3d 1098 (2012). This court reviews the constitutionality of a statute de novo, presuming the statute is constitutional and resolving all doubts in favor of upholding the statute. *Cheeks*, 298 Kan. at 4.

Childers claims that the application of K.S.A. 2014 Supp. 21-6811(i) violates the Fourteenth Amendment's Equal Protection Clause. The statute states as follows:

> "If the current crime of conviction is for a violation of subsections [(b)(3) through (b)(5)] of K.S.A. 8-1602, and amendments thereto, each of the following prior convictions committed on or after July 1, 2011, shall count as a person felony for criminal history purposes: K.S.A. 8-235, 8-262, 8-287, 8-291, 8-1566, 8-1567, 8-1568, 8-1602, 8-1605 and 40-3104, and amendments thereto, and subsection (a)(3) of K.S.A. 2014 Supp. 21-5405 and 21-5406, and amendments thereto, or a violation of a city ordinance or law of another state which would also constitute a violation of such sections."

When considering an equal protection challenge, an appellate court uses a three-step process. *Cheeks*, 298 Kan. at 4.

> "First, we consider whether the legislation creates a classification resulting in different treatment of similarly situated individuals. [Citation omitted.] Second, if the statute does treat 'arguably indistinguishable' individuals differently, then we examine the nature of the classification or right at issue to determine the appropriate level of scrutiny. [Citation omitted.] Finally, we apply the appropriate level of scrutiny to the statute. [Citation omitted.]"
>
>     . . . .
>
> "The Equal Protection Clause requires that states treat 'similarly situated' individuals similarly. [Citation omitted.] The party challenging a law's constitutionality has the burden to prove the person is similarly situated to members of a class receiving different treatment, and in conducting our review, we are limited 'by the distinctions argued by the complaining party.' [Citation omitted.]" 298 Kan. at 4-5.

In *In re Tax Appeal of Weisgerber*, 285 Kan. 98, 106, 169 P.3d 321 (2007), our Supreme Court recognized that "a threshold requirement for stating an equal protection claim is to demonstrate that the challenged statutory enactment treats 'arguably indistinguishable' classes of people differently. [Citation omitted.]" Here, Childers argues that K.S.A. 2014 Supp. 21-6811(i) treats the following classes of people differently:  (1) people convicted of leaving the scene of an accident and (2) people convicted of all other crimes. The State claims that to accept Childers' asserted classes would render the first step of equal protection analysis meaningless, as any criminal defendant could allege that defendants charged with any crime are a similarly situated class to all other criminal defendants.

The State's argument has merit. As far back as *Hayes v. Missouri*, 120 U.S. 68, 71-72, 7 S. Ct. 350, 30 L. Ed. 578 (1887), the United States Supreme Court explained:

4

"The Fourteenth Amendment to the Constitution of the United States does not prohibit legislation which is limited either in the objects to which it is directed, or by the territory within which it is to operate. It merely requires that all persons subjected to such legislation shall be treated alike, under like circumstances and conditions, both in the privileges conferred and in the liabilities imposed. As we said in *Barbier v. Connolly*, [113 U.S. 27, 5 S. Ct. 357, 28 L. Ed. 923 (1885),] speaking of the Fourteenth Amendment: 'Class legislation, discriminating against some and favoring others, is prohibited; but legislation which, in carrying out a public purpose, is limited in its application, if within the sphere of its operation it affects alike all persons similarly situated, is not within the amendment.' [Citation omitted.]"

The Kansas Supreme Court recognized this same principle in *Henry v. Bauder*, 213 Kan. 751, Syl. ¶ 2, 518 P.2d 362 (1974), when it stated: "The constitutional principle of equal protection does not preclude the state from drawing distinctions between different groups of individuals, but does require that persons similarly situated with respect to the legitimate purpose of the law receive like treatment." Here, the purpose of K.S.A. 2014 Supp. 21-6811(i) is to more severely punish offenders with a criminal history, including driving-related offenses, who are subsequently convicted of leaving the scene of an accident that resulted in great bodily harm or death. Childers has failed to show two classes similarly situated "within the sphere of [the statute's] operation" because his second asserted class is a class of people who are not affected by K.S.A. 2014 Supp. 21-6811(i). See *Hayes*, 120 U.S. at 71-72.

Stated differently, if there were two classes of people both subject to K.S.A. 2014 Supp. 21-6811(i) and the statute treated the two classes differently, then such a situation would provide an instance where the statute resulted in different treatment of similarly situated individuals, and the threshold requirement of an equal protection claim would be met. But that is not the case here. Thus, Childers has not met the threshold requirement of an equal protection claim, *i.e.*, that the challenged statutory enactment treats arguably indistinguishable classes of people differently. See *Weisgerber*, 285 Kan. at 106.

5

Even if we were to find that the application of K.S.A. 2014 Supp. 21-6811(i) resulted in different treatment of similarly situated individuals, we would next "examine the nature of the classification or right at issue to determine the appropriate level of scrutiny." *Cheeks*, 298 Kan. at 4-5. Childers and the State agree that the appropriate level of scrutiny is rational basis. "To pass the rational basis test, the statute must foster legitimate goals and the means chosen to achieve the state's goals must 'bear a rational relationship to those goals.' [Citation omitted.]" *Cheeks*, 298 Kan. at 8. In other words, "[u]nder this test, similarly situated groups of individuals may be treated differently without violating principles of equal protection as long as the classification used to distinguish them bears a rational relationship to a legitimate governmental objective." *Crawford v. Kansas Dept. of Revenue*, 46 Kan. App. 2d 464, 471, 263 P.3d 828 (2011), *rev. denied* 294 Kan. 943 (2012).

Under the rational basis test, Childers bears the burden of "negating '"every conceivable [reasonable] basis which might support"' the differing treatment. [Citation omitted.]" See *Cheeks*, 298 Kan. at 8. Childers has failed to meet this burden. As the State points out, K.S.A. 2014 Supp. 21-6811(i) provides a rationally related means for the legislature to pursue the legitimate goal of severely punishing offenders who commit crimes related to driving and then subsequently commit the crime of leaving the scene of an accident resulting in great bodily harm or death. Therefore, the statute withstands rational basis scrutiny. See *Cheeks*, 298 Kan. at 8.

For these reasons, the application of K.S.A. 2014 Supp. 21-6811(i) does not violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Thus, we conclude the district court did not err by classifying Childers' prior driving-related convictions as person felonies for criminal history purposes.

Affirmed.